IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 12-390 T

(Judge Susan G. Braden)

MARK A. HILL,

          Plaintiff, *pro se,*

v.

THE UNITED STATES,

          Defendant.

FILED

FEB 8 2013

U.S. COURT OF
FEDERAL CLAIMS

PRELIMINARY STATUS REPORT

Pursuant to Appendix A, Part III, paragraph 4, Rules of the Court of Federal Claims, defendant hereby provides this Preliminary Status Report. Due to plaintiff's incarceration, defendant is unable to communicate with him except via U.S. Mail. Accordingly, three weeks ago, on January 22, 2013, defendant mailed a copy of the attached report to plaintiff at the address on the Complaint, requesting that plaintiff review the draft and propose any changes he may have. Defendant has not received a response and thus must provide the following report without input from plaintiff:

**A.    Jurisdiction**

If the Court has jurisdiction, it is based upon 28 U.S.C. § 1491(a)(1).

1

**B.    Consolidation**

There is no other case currently before the Court of Federal Claims with which consolidation would be warranted.

**C.    Bifurcation of Liability and Damages**

Due to the nature of the suit, separate trials on the questions of liability and damages are unnecessary.

**D.    Deferral of Proceedings**

Defendant is not aware of any basis for deferral of proceedings.

**E.    Remand or Suspension**

Defendant does not now anticipate seeking a suspension or remand of this case.

**F.    Additional Parties**

Defendant is not aware of any additional parties who should be joined to this action.

**G.    Dispositive Motions**

At this time, defendant does not intend to file dispositive motions prior to the completion of discovery but may wish to file summary judgment motions following the close of discovery. Defendant proposes a schedule under which defendant will file any such motion within thirty (30) days following the close of the discovery schedule proposed below, with subsequent responses and replies and any cross-motion for summary judgment to be filed within the time periods provided in RCFC 7.2. In the event that defendant chooses not to file a summary judgment motion but plaintiff wishes to do so, plaintiff's motion will be due within sixty (60) days following the close of the discovery schedule proposed below, with subsequent responses and replies to be filed within the time periods provided in RCFC 7.2.

### H. Factual and Legal Issues

The fundamental issue in this suit is whether plaintiff's tax refund check was misappropriated such that plaintiff qualifies for relief under 31 U.S.C. §3343. To qualify under that provision, plaintiff must establish that: (1) the check was lost or stolen without the fault of the payee, (2) the check was negotiated and paid by the Treasurer on a forged endorsement of payee's name, and (3) the payee did not participate directly or indirectly in the proceeds of such negotiation or payment. 31 U.S.C. § 3343(b); *Curtin v. United States*, 91 Fed. Cl. 683, 688 (2010).

At this time, defendant believes that these issues would form the basis for any motions for summary judgment, but it reserves the right to incorporate additional issues that arise as a result of the discovery process.

### I. Settlement

Once the facts have been sufficiently developed, defendant intends to consider the possibility of settlement.

### J. Trial

Defendant does not now anticipate that trial would be necessary, depending on the extent to which factual issues are resolved during discovery. At this time, defendant does not request an expedited trial schedule.

### K. Electronic Case Management

At this juncture, defendant is not aware of any special issues regarding electronic case management needs.

### L.  Other Information

Plaintiff is currently incarcerated, which creates difficulties for communication between the parties.

### M.  Proposed Discovery Schedule

Discovery in this case may require some time, due to the factual nature of plaintiff's claim and the delays necessarily introduced by his incarceration. Defendant therefore proposes an initial discovery period of 6 months in which to investigate the factual basis for the allegations contained in plaintiff's complaint.

Defendant further proposes that, should experts prove necessary:

1. Initial expert reports be exchanged no later than 30 days after the close of fact discovery.

2. Expert rebuttal reports be exchanged no later than 60 days after the close of fact discovery.

3. Depositions and other discovery of experts be completed no later than 90 days after the close of fact discovery.

Defendant proposes that the dates for the exchange of witness lists, exhibits, and other pretrial disclosures be determined following the post-discovery conference provided for in RCFC App. A, ¶ 11.

Defendant additionally proposes that the parties file a status report 30 days after the close of discovery to advise the Court as to further proceedings.

2/8/13

Respectfully submitted,

*/s/ Michael J. Ronickher*
MICHAEL J. RONICKHER
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Tel: (202) 616-9085
Fax: (202) 514-9440
Michael.J.Ronickher@usdoj.gov

KATHRYN KENEALLY
  Assistant Attorney General
DAVID I. PINCUS
  Chief, Court of Federal Claims Section

2/8/13

*/s/ David I. Pincus*
Of Counsel

CERTIFICATE OF SERVICE

I certify that service of the foregoing document has, this 8th day of February 2013, been made on plaintiff, *pro se* by mailing a copy thereof, in a postage prepaid envelope, to the following address:

>Mark A. Hill
>Chillicothe Correctional Inst
>P.O. Box 5500
>158 S.R. 104 North
>Chillicothe, OH 45601

*Katie M. Stevens*
Court of Federal Claims Section
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6440